CITED *in State, Gorum, pros.,* v. *Mills,* 5 *Vr.* 181.

THE STATE, THE NEW JERSEY RAILROAD AND TRANS-PORTATION COMPANY, PROSECUTORS, v. GEORGE G. HANCOCK, COLLECTOR OF WOODBRIDGE.

A branch built from the main track of the New Jersey Railroad and Transportation Company, one and three quarters of a mile, to a gravel pit, for the purpose of obtaining the gravel more cheaply for their track, is liable to ordinary taxation.

*Certiorari.* In matter of taxation.

For prosecutors, *J. C. Elmendorf.*

Contra, *Garret Berry.*

The opinion of the court was delivered by

VREDENBURGH, J. The prosecutors bought a farm of about one hundred and ten acres in 1859, and built to it a branch from their main line, about one and three quarters of a mile long. This part of the main line, and the branch, and the farm, are all in the township of Woodbridge.

The township authorities assessed the prosecutors in 1867 for twenty-five thousand dollars, to wit, ten thousand dollars

on the farm and fifteen thousand dollars on the branch. This *certiorari* is brought to set aside the tax on the branch.

It appears by the evidence, that the said farm was bought for the gravel which was on it, and which was required for the ballasting of said road, and for maintaining and keeping it in repair; that said branch was built to transport the gravel more cheaply to said main line, and has never been used for anything else.

Under these circumstances, was this assessment on the branch legal?

By the seventh section of the prosecutor's charter, (*Pamph. Laws of* 1832, *p.* 99,) it is provided, that the said corporation may build bridges, raise embankments, and make any works necessary for the construction, use, and enjoyment of the said railroad, and also may enter upon said road, and take possession of and use any materials necessary therefor. Section eighteen of the same act provides, that the said corporation shall pay into the treasury yearly a tax of one half of one per cent. upon its capital stock, and that no other tax shall be imposed on said company. This branch was not within the limits of the location of the road as established by the prosecutors' charter, but entirely without it. The seventh section of their charter gives them no power to build it. They are empowered by it to build bridges, or make any other works necessary for the construction, use, or enjoyment of the said railroad. This implies only, that they can make on the sixty-six feet (which they may take by condemnation) any works necessary for the construction, use, or enjoyment of said road. I have found no case where any railroad corporation has been released from ordinary taxation on any structure on lands which had not or might not have been taken by condemnation under the authority of its charter.

In the case of *The Inhabitants of Worcester* v. *The Western Railroad,* 4 *Met.* 364, the court held that even passenger depots, freight houses, car, and engine houses are liable to taxation for such parts of them as are outside of the limits of the location of the road.

State, N. J. R. R. & Trans. Co., pros., v. Hancock, Collector of Woodbridge.

If this gravel pit was inside of the road as established by charter, any structures that might be made to facilitate the moving of gravel, would probably be free from taxation. But the case is different when they are obliged to go beyond that location. It is said that the road cannot be constructed or kept in repair without gravel. But iron, fuel, and sleepers are quite as essential to the construction of the road as gravel. Could the company build a spur to the iron foundry to cart rails, or to the forest to bring sleepers, and claim that such works would be exempt from taxation? Would not such a power amount to a privilege to build tracks anywhere, and an exemption from taxation in that regard?

This case is within the principle of *The State* v. *Mansfield,* 3 *Zab.* 510.

The assessment must be affirmed.

AFFIRMED, 6 *Vr.* 537.